UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:17-cr-55

            Plaintiff

      v.                                                      MEMORANDUM OPINION

Keith Chisholm

            Defendant



Defendant Keith Chisholm seeks an order from me releasing him on bond under terms and conditions proposed first to Magistrate Judge James R. Knepp II, and later under conditions as supplemented at a hearing before me. I deny the Defendant's request for bond and order his continued detention.

I.      **Background**

The Defendant was arrested on March 9, 2017, pursuant to multi-defendant indictment charging him with three counts: (1) Conspiracy to Possess with Intent to Distribute and Distribution of Heroin and Cocaine, in violation of 21 U.S.C. § 846, as set forth in Count 1 of the indictment; (2) Use of a Telecommunications Facility to Facilitate a Drug Conspiracy, in violation of 21 U.S.C. § 843(b), as set forth in Count 61 of the indictment; and (3) Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1), as set forth in Count 75 of the indictment. Mr. Chisholm has been detained continuously since his arrest, and has previously sought release on bond with Magistrate Judge Knepp, who conducted a detention hearing at the Defendant's request on

March 24. Over the course of that hearing, terms of release were proposed and testimony was taken from defense witnesses as proposed custodians or those willing to post property to assure his release, or both. The government introduced recordings of jail telephone conversations between the Defendant and his girlfriend.

Shortly after the conclusion of that hearing, Magistrate Judge Knepp denied Mr. Chisholm's release, finding he had not overcome the presumption of detention in this case. Citing the rebuttal presumption in favor of detention, 18 U.S.C. § 3142(e)(3), Judge Knepp expressed concern about release of Mr. Chishom for a number of reasons, including the short time between his release from parole supervision on earlier state drug charges and his charges in this case; items seized pursuant to a search warrant of his sometime residence, including a handgun, ammunition, and drug paraphernalia; some potentially troubling comments about his comments to his girlfriend on the jail telephone system; and inconsistencies about his residency and patterns of activity.

Mr. Chisholm subsequently objected to this order of detention on April 13 (Doc. No. 124). He supplemented his objection with a helpful memorandum (Doc. No. 139). I conducted a hearing on Mr. Chisholm's objections on April 28, and he supplemented his argument by way of a post-hearing memorandum filed May 22 (Doc. No. 156). The matter is currently decisional before me.

II.     **Analysis**

In deciding Mr. Chisholm's request for release, I have reviewed the transcript from his hearing before the Magistrate Judge and the attendant detention order, the conditions he has proposed, the testimony of all witnesses, including proposed custodians, Mr. Chisholm's written arguments, and the oral arguments of counsel at both hearings.

As already correctly stated by Magistrate Judge Knepp, the nature of the charges against the Defendant result in a rebuttable presumption for detention. As an initial matter, a decision on this bond request is mine to make alone and anew. My review of the evidence and issue must be *de novo*.

In making my decision, I review the issue of continued detention or release under the criteria set forth in 18 U.S.C. § 3142(g):

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. ***

1. <u>The nature and circumstances of the offense charged.</u>

As discussed above, Mr. Chisholm faces three charges. Two of those charges, independently, result in a rebuttal presumption of detention. Count 1 of the indictment, charging drug conspiracy, carries a minimum mandatory sentence of five years, and a maximum possible sentence of forty years. Mr. Chisholm's preliminary advisory guideline range is 110 to 137 months.

The conduct charged in the indictment is unquestionably serious, and the potential penalties are severe. Mr. Chisholm just turned 39 years old. If convicted of these offenses, he might well spend a substantial amount of his remaining life in a federal prison. The seriousness of the charges and potential penalties unquestionably increases the risk of flight, and the nature of this conduct, as alleged, certainly poses a potential threat to the danger of

the community. All of this weighs toward detention and does not support the Defendant's burden of overcoming the presumption of detention.

2. <u>The weight of the evidence</u>

   Given the nature of this drug conspiracy action, the items found during a search of one of Mr. Chisholm's residences, the additional conduct as alleged in the indictment, and the evidence within the spectrum of these particular charges, as outlined by the government during the hearings, the weight of the evidence appears strong. Accordingly, the weight of the evidence militates against release and for the presumption of detention.

3. <u>The history and characteristics of the Defendant</u>.

   Subsection (A) prescribes I review Mr. Chisholm's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings…." Mr. Chisholm has a rather extensive criminal record, with very minor charges from ages 19 to 24, but a violent misdemeanor offense, Domestic Violence, as early as age 25. By age 26, he was convicted of possession and trafficking in cocaine, for which he served a successful period of probation. By age 32, however, he was convicted of possession of cocaine, for which he served a sentence of four years, with his supervision terminated only recently, on July 8, 2015.

   Subsection (B) applies when, at the time of the current offense or arrest, the defendant was on probation, parole or on release "pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law…." Given the dates in the indictment, and the government's proffer at the hearing, Mr. Chisholm may have been involved in the charged drug conspiracy before the termination of his supervision on the state court drug charges, but the timing is not definitive. Nevertheless, the very short period

of time from his release from state prison and attendant supervision, until his alleged conduct in this case, gives me pause.

On the other hand, he does enjoy support of family and others around him. I was impressed with some of his proposed custodians.

4. <u>The nature and seriousness of the danger to any person or the community that would be posed by his release</u>.

    As I discussed above, I have concerns about the nature of his conduct as charged in this case, and the closeness in time between these charges and his prior drug charges. In addition, the charges involve distribution of two very dangerous drugs – cocaine and heroin – plus the possession of a handgun in conjunction with this alleged drug activity. This factor weighs against his release and for his continued detention.

### III.     Conclusion

Mr. Chisholm has advanced some compelling custodians and terms in support of his request for release. While these proposed conditions are impressive, a review of the evidence and circumstances surrounding these alleged offenses, Mr. Chisholm's criminal history and drug-related convictions, and the threat he presents to the safety of others and the community, all weigh against his release.

I note that I agree with much of Mr. Chisholm's counsel's argument of the lack of concern I should feel about some of the evidence and arguments advanced at both hearings. I found the jail recordings to be benign. Nothing in those conversations gave me serious pause in reaching this decision. Mr. Chisholm seemed to speak only prospectively about his future plans after these charges are resolved. And while I have some concerns about his stated unwillingness to be on house arrest, as his counsel observed, no one *wants* to be on house arrest. At any rate, my decision is not based upon that ambiguous statement. Nor am

I concerned about seeming inconsistencies in his stated place of residence. He sometimes lived with his girlfriend, sometimes with his mother. None of that is particularly concerning.

But for the reasons stated above, I cannot and do not find the evidence supports a finding by clear and convincing evidence that release is appropriate and therefore find the presumption for detention has not been overcome. Accordingly, Mr. Chisholm's request for release, whether upon new motion or appeal of the Magistrate Judge's decision, or both, is found not well taken and denied. The Defendant is ordered detained.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge