UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

               Plaintiff,

    v.

Keith Chisholm,

               Defendant.

Case No. 3:17-cr-55-JJH-10

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION AND BACKGROUND

Defendant Keith Chisholm, an inmate at Federal Correctional Complex – Milan in Milan, Michigan, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 716). The government has not filed an opposition brief.

In March 2017, Chisholm was indicted on one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine, in violation of 21 U.S.C. § 846, one count of using a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b), and one count of possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 17). Chisholm pled guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine; the remaining counts were dismissed. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Chisholm a substantial downward variance from his Guidelines range of 121 to 151 months and sentenced him to a total of 78 months in prison and a supervised release term of 3 years. (Doc. No. 569).

1

On August 14, 2020, Chisholm filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 716). In support of his motion, he cites his ulcerative colitis and asserts he is currently taking Prednisone, which weakens his immune system and increases his risk of serious illness or death if he were to contract COVID-19 while incarcerated. Chisholm alleges he has enrolled in Jackson College, participated in the Residential Drug Abuse ("RDAP") program, maintained a job in the "rec," and completed 32 programs while incarcerated. (Doc. No. 58 at 1-2; Doc. No. 744 at 2). He is currently scheduled to be released on September 19, 2022.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Chisholm claims he submitted the paperwork for compassionate release in June 2020 and has yet to receive a response. (Doc. No. 716 at 2). Hearing no objection from the government, I take Chisholm's representation as true and conclude he has satisfied the exhaustion requirement.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified

2

or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In this case, I cannot conclude a further-reduced sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Chisholm was sentenced to 78 months of incarceration after pleading guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and cocaine. Specifically, Chisholm admitted that, as a street level distributor, he was responsible for at least 1,400 grams of heroin and 700 grams of cocaine between July 2014 and December 2016. When his home was searched, a firearm was located in his belongings, which Chisholm admitted he possessed in connection with his involvement in the drug conspiracy. Because of Chisholm's previous criminal history, including a 2004 conviction for trafficking in cocaine, he was not legally permitted to possess this weapon.

Although I commend Chisholm for taking advantage of the programs available to him at FCI Milan that will aid in his reentry, Chisholm has served only 60% of his sentence. Chisholm has not shown a further-reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, Chisholm's lengthy criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

In his motion for compassionate release, Chisholm also seeks appointment of counsel to assist him in his pursuit of not only compassionate release, but also certain medical procedures he claims he is being denied at FCI Milan.

Because the assistance of counsel would not alter my decision as compassionate release, appointment of counsel to aid in this pursuit is denied as futile.

Although I sympathize with Chisholm's pain from his ulcerative colitis, no civil action exists regarding the alleged inadequacy of his treatment at FCI Milan for which I can appoint counsel. 28 U.S.C. § 1915(e)(1). Even if a federal civil action did exist, the merit of such an action and, in turn, the value of assistance of counsel is dubious. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Therefore, the motion for appointment of counsel is denied in this respect as well.

### III. CONCLUSION

For the foregoing reasons, Chisholm's motion for compassionate release and appointment of counsel is denied. (Doc. No. 716).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4